**NOT FOR PUBLICATION**

JUN 23 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUANA HERRERA DE MARTINEZ, AKA Juana Herrera De Marintez, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 11-73754 Agency No. A075-113-920 MEMORANDUM* |
| JUANA HERRERA DE MARTINEZ, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | Nos. 12-72333 13-70052 Agency No. A075-113-920 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

 \*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 12, 2017[]
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and PIERSOL,[***] District Judge.

We deny Juana Herrera de Martinez's petitions for review in this consolidated appeal.

1. Herrera de Martinez applied for a hardship waiver; therefore, she bore the burden of proof to establish by a preponderance of the evidence that the marriage was entered in good faith. *See* 8 U.S.C. § 1186a(c)(4)(B), (C); *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1148 (9th Cir. 2005). We review the Board of Immigration Appeals' ("BIA") decision that the marriage was not entered in good faith under "the highly deferential substantial evidence standard. Under this standard we must affirm unless the evidence is so compelling that no reasonable fact-finder could fail to find the facts were as [Herrera de Martienz] alleged." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005) (internal quotation marks and citation omitted). Substantial evidence supports the BIA's decision.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

The testimony of Herrera de Martienz's daughter and the sworn statement of her ex-husband support the BIA's conclusion that Herrera de Martinez did not meet her burden of proving her marriage was entered in good faith. Evidence demonstrated that the couple entered the marriage for immigration purposes. For example, Herrera de Martinez's daughter could not recall ever living with anyone other than her mother (despite providing detailed testimony regarding other information); her witnesses only provided vague testimony regarding her marriage; and her ex-husband's sworn statement (which was confirmed by the immigration officer) claimed the marriage was fake. This evidence does not permit us to conclude that any reasonable fact-finder would be compelled to find that the marriage was entered in good faith.

We do not find that the immigration judge's ("IJ") reliance on the ex-husband's sworn statement to be fundamentally unfair. First, Herrera de Martinez refused to provide a waiver of confidentiality, which would have allowed the government to subpoena the ex-husband to testify. Second, the immigration officer testified about her interview with the couple, which demonstrated significant inconsistencies with regard to their marriage (including what they did the night before). Finally, the IJ did not rely solely on the sworn declaration to conclude that the marriage was not entered in good faith.

2.      Even assuming Herrera de Martinez did not waive the argument that the BIA abused its discretion in denying the first motion to reopen, *see Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) ("deem[ing] abandoned" all issues raised in a brief not supported by argument), the BIA did not abuse its discretion in denying the motion.  First, the BIA found that the motion to reopen to apply for cancellation of removal and adjustment of status was not based on a change of circumstances or newly discovered evidence.  Thus, Herrera de Martinez was not eligible to reopen her matter.  *See Toufighi v. Mukasey*, 538 F.3d 988, 994, 996 (9th Cir. 2008).   Second, because Herrera de Martinez did not enter her first marriage in good faith, the BIA concluded that she could not show she was prima facie eligible to adjust her status.  *See* 8 U.S.C. 1154(c).  The BIA's conclusions were not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

3.      Herrera de Martinez's second motion to reopen requested reopening to apply for cancellation of removal and adjustment of status based on her approved visa petition through her second marriage and because her former counsel's performance prevented her from obtaining relief from removal.  The BIA did not abuse its discretion in denying Herrera de Martinez's second motion to reopen.

4

First, the BIA acknowledged that the approved visa petition was new and acknowledged that her family would suffer hardships, *see Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010), but concluded, in its discretion, that the circumstances of her first marriage weighed against reopening, *see Fisher v. INS*, 79 F.3d 955, 965 (9th Cir. 1996). Second, the BIA rejected the claim that the performance of Herrera de Martinez's former counsel prejudiced her, because Herrera de Martinez did not present any evidence to rebut the conclusion that her marriage was not entered in good faith. Thus, Herrera de Martinez failed to show how prior "counsel's ineffective performance . . . affected the outcome of the proceedings." *Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003) (citations omitted). Finally, the BIA also concluded that, because cancellation of removal and adjustment of status were discretionary decisions, it was unlikely that either would be granted in light of the fact her first marriage was not entered in good faith. *See Fisher*, 79 F.3d at 965. None of the foregoing conclusions were "illogical, implausible, or without support in inferences that may be drawn from the record." *Hinkson*, 585 F.3d at 1262.

4.     Even assuming Herrera de Martinez did not waive the argument that the BIA abused its discretion in denying the motion to reconsider, *see Leer*, 844 F.2d at 634, the BIA did not abuse its discretion. Herrera de Martinez's request for

5

a waiver under 8 U.S.C. § 1227(a)(1)(H) was untimely, because she either failed to raise the issue before the IJ or failed to assert that her former counsel was ineffective by failing to request the waiver. The BIA's conclusion was not "illogical, implausible, or without support in inferences that may be drawn from the record." *Hinkson*, 585 F.3d at 1262.

**PETITIONS FOR REVIEW DENIED.**